## DURYEA MFG. CO. v. AGRIPPA MFG. CORPORATION et al.

(District Court, D. New Jersey. December 31, 1920.)

Patents ⊕=328—No. 933,011, for belting, void for anticipation and lack of invention.

The Wooster patent, No. 933,011, for a woven cotton belting saturated with a solution of asphaltum, *held* void for anticipation and lack of invention.

In Equity. Suit by the Duryea Manufacturing Company against the Agrippa Manufacturing Corporation and others. Decree for defendants.

Russell M. Everett, of Newark, N. J., for plaintiff.
Mock & Blum, of New York City, for defendants.

BODINE, District Judge. The plaintiff had been engaged in manufacturing an asphalt paint for some years. After a period of experiments it produced a woven cotton belting, which it saturated with a solution of asphaltum. In 1905, the first year it manufactured this belting, some 7,500 lineal feet were produced. In 1917 the business had increased to the extent that 626,000 lineal feet were sold. United States letters patent No. 933,011 was issued August 31, 1909, to Philip L. Wooster, and covered the belting manufactured by the plaintiff company.

The defendant company began in 1917 or 1918 to manfacture a belting similar in kind and character to that manufactured by the plaintiff. The defendant Ernest H. Lieber had been in the plaintiff's employ for a period of seven years, until September, 1917, having a responsible position in the sales department. He was discharged, and was instrumental in the development of the business of the defendant company after his discharge. Robert M. Ford had been in the export commission business and had had business dealings with the plaintiff's agent in China, one F. E. Davis, who had been instrumental in securing an extensive market for the plaintiff's product in the Orient. Davis' commissions for the year 1917 on the sale of the plaintiff's product amounted to $39,213. The defendant Winchester Britton had been in the plaintiff's employ for some time prior to 1918, when he left that employ and went with the defendant company. Mrs. Davis, the widow of F. E. Davis, was the agent for the defendant in the Orient. She seems to have controlled the sales end of the business, for there is evidence that the plaintiff company, after the formation of the defendant company, did little or no business in the Orient.

The defense is simply that the defendant used the old Pearce & Beardsley patent of September 14, 1886, United States letters patent

No. 348,993, in the manufacture of its product. This contention leads to the consideration of the two patents.

The claim in the Wooster patent is for belting consisting of an absorbent woven fabric body portion, which has been saturated with a solution of asphaltum and dried. The old Pearce & Beardsley patent was for a new article of manufacture of all kinds of cloths and fabrics other than paper, when made of either vegetable fiber, wool, hair, and silk, and treated with a compound of bisulphide of carbon and *maltha,* substantially as described and set forth in the patent. The patent (line 54, first page) speaks of a mixture produced from 50 parts refined maltha and 50 parts bisulphide of carbon as being quite limpid, and by further reference back in the patent to line 50 it would seem that this is regarded as proper for a purpose *"such as saturating cotton belts for driving pulleys in machinery."* The italics are mine.

The proofs show that maltha was a soft asphalt. They also show, if proof be necessary, that the process of saturating as described by Pearce & Beardsley and the saturation under pressure described by Wooster are substantially the same.

Belting manufactured under the Pearce & Beardsley process seems not to have been generally marketed, although the evidence shows quite clearly that some lengths of it were made up shortly after the issuance of the patent and were put in use by the Pariffine Paint Company of California in its plant. There seems also to have been used belting impregnated with asphaltum in a laboratory prior to the issuance of the plaintiff's patent.

The Pearce & Beardsley patent describes the process of manufacture with almost the same degree of exactness as that used by Wooster some 25 years afterward when he was making an application for his patent. The proof of manufacture under this patent, though slight, indicates a disclosure to the world, and makes the statement in the Pearce & Beardsley patent and description of invention much more than a prophetical suggestion, as was urged by plaintiff. The plaintiff's only act beyond Pearce & Beardsley was the creation of a market for its output; but this fact alone, standing by itself, cannot be a ground for sustaining the validity of its patent, which discloses nothing new to the world, except the idea of pressure to obtain "saturation," which is obviously only one of a number of means of accomplishing the results.

An injunction and accounting is denied.